

FILED

NOV 25 2015

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Raymond L. and Marjorie A. Hoyt, Plaintiffs *in Propria Persona*
162 Oakridge Drive
Danville, California  94506

# UNITED STATES DISTRICT COURT
# DISTRICT OF CALIFORNIA

RAYMOND L. AND MARJORIE A. HOYT

    PLAINTIFFS

v.

OCWEN LOAN SERVICING, LLC AND
BANK OF AMERICA, N.A. AND WESTERN
PROGRESSIVE, LLC

    DEFENDANTS

CASE NO. CV 15 5422 MEJ

---

## COUNT I – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Raymond L. and Marjorie A. Hoyt and sue the defendant OCWEN LOAN SERVICING, LLC for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiffs have resided in Contra Costa County at the address known as 162 Oakridge Drive, Danville, California, for all times material to this complaint.

The defendant is a limited liability company doing business in the State of California with its principal place of business at 1661 Worthington Road, Suite 100, West Palm Beach, FL  33409, for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff.  The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

Defendant has undertaken actions that involve the collection of a consumer debt

against the plaintiff.  The debt collection involves a purported debt for personal, family or household purposes.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in Contra Costa County, California, as further described herein.

**PLAIN STATEMENT**

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiffs did not receive any written communications from the defendant except for monthly billing statements.  The defendant called on a regular basis but the plaintiff did not answer most of the time, but when the plaintiffs did speak with a caller from the defendant, the defendant directed the plaintiffs to download the loan modification application forms from its website.

The plaintiff is the mortgagor in a trust deed that was recorded on or soon after the date of March 28th 2005, in Contra Costa County, California, in the amount of $700,000.  The deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, A DIVISION OF TREASURY BANK, N.A., the lender stated on the trust deed.  The trustee's name in this instrument is CTC REAL ESTATE SERVICES.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

The defendant has somehow acquired the personal and banking information of each of the plaintiffs and have used that information for its own personal gain and

benefit without any permissible purpose.

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, were aware of its actions.

The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions.  No response was given.

The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

Eventually, the defendant obtained enough information from the plaintiffs to allow it to complete a foreclosure sale of the plaintiff's property and convey the property to what appears to be a third party; however, the plaintiffs have reason to believe that the defendant is the third party purchaser or has an interest in the organization.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant threatened to report unpaid amounts to a third party debt collector, namely the Internal Revenue Service, for the purpose of subjecting the plaintiff to taxes on amounts of money falsely claimed and reported by the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant has falsely represent the amount alleged to be owed by the plaintiff or the amount of compensation the defendant will receive.  The plaintiff has requested that the defendant disclose its interests

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property.  Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could have obtained from the county recorders' office.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction.

The defendant has falsely represented that the plaintiff's credit accounts were sold to innocent purchases for value.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of being contacted.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B.   An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C.   An award of actual damages;

D.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

## COUNT II – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Raymond L. and Marjorie A. Hoyt and sue the defendant BANK OF AMERICA, N.A. for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiffs have resided in Contra Costa County at the address known as 162 Oakridge Drive, Danville, California, for all times material to this complaint.

The defendant is a national association doing business in the State of California with its principal place of business at  100 N. Tryon St Charlotte NC 28255, for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff.  The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in Contra Costa County, California, as further described herein.

## PLAIN STATEMENT

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on or soon after the date of March 28th 2005, in Contra Costa County, California, in the amount of $700,000.  The deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, A DIVISION OF TREASURY BANK, N.A., the lender stated on the trust deed.   The trustee's name in this instrument is CTC REAL ESTATE SERVICES.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

The defendant has somehow acquired the personal and banking information of each of the plaintiffs and have used that information for its own personal gain and benefit without any permissible purpose.

Within the previous twelve months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of

its actions.  No response was given.

The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions.

The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was

established.

The defendant has used a false or fictitious name in the undertaking of its collection actions.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property. Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorders' office.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction.

The defendant has falsely represented that the plaintiff's credit accounts were sold to innocent purchases for value.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of being contacted.

The defendants have somehow acquired the personal and banking information

of each of the plaintiffs and have used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B.   An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C.   An award of actual damages;

D.   Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

### COUNT III – COMPLAINT FOR VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT (FDCPA); 15 U.S.C. § 1692 ET SEQ.

Come now the plaintiffs Raymond L. and Marjorie A. Hoyt and sue the defendant

WESTERN PROGRESSIVE, LLC for penalties and actual damages for unfair and deceptive collection practices in violation of the Fair Debt Collection Practices Act, and for other relief as set forth herein.

The plaintiffs have resided in Contra Costa County at the address known as 162 Oakridge Drive, Danville, California, for all times material to this complaint.

The defendant is a limited liability company doing business in the State of California with its principal place of business at Northpark Town Center, 1000 Abernathy Road, NE BLDG 400, Suite 200, Atlanta, GA  30328, for all times material to this complaint.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a). Defendant has undertaken actions that involve the collection of a consumer debt against the plaintiff.  The debt collection involves a purported debt for personal, family or household purposes.

Defendant is a debt collector as defined under Title 15 U.S.C. §1692(a)(6) and is not excluded by any provision of what defines a "debt collector" under this statute.

This is a complaint for unfair and deceptive collection practices involving collateral against which the defendants have falsely asserted various rights or claims.

The subject property that has given rise to this complaint is known as a trust deed, and rights thereunder, and land with fixtures on the land that is encumbered by a trust deed recorded in Contra Costa County, California, as further described herein.

**PLAIN STATEMENT**

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on or soon after

the date of March 28th 2005, in Contra Costa County, California, in the amount of $700,000.  The deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, A DIVISION OF TREASURY BANK, N.A., the lender stated on the trust deed.  The trustee's name in this instrument is CTC REAL ESTATE SERVICES.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

Within the previous twelve  months, the defendant began sending written communication to the plaintiff stating that it was representing various parties having rights under the same trust deed, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiff asked the defendant to provide verification that these parties it was supposed to have been representing, whose names it was using, or who were aware of its actions.  No response was given.

The plaintiff explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

The defendant sent written communication to the plaintiffs stating that it was representing various parties, or at least plaintiff understood that it was representing parties, including the other defendants, the trustee, a bank, a law firm, etc. who were all claiming some rights in the plaintiff's property.

Plaintiffs asked the defendant to provide verification that these parties she was supposed to have been representing, whose names she was using, were aware of her actions.

The plaintiffs explained that the reason for these requests were, in part, because none of these parties were named in the mortgage referenced by this defendant.

Plaintiffs also asked the defendant to explain how it obtained the personal and private banking, financial and identifying information of the plaintiffs. The defendant failed or refused to answer these questions, in spite of being advised that she was in violation of the Fair Debt Collection Practices Act and may be subject to penalties and actual damages for continuing to undertake these actions.

The purported debt is not a debt held or collected under the name of the defendant.

The defendant made false representations that it was the holder of a note or promise to pay in which the plaintiff owed the defendant.

The defendant made false representations that it had rights to foreclose against the plaintiff's property (home) under the provisions of a trust deed that is recorded against the title of the plaintiff's property in the county where the property is situated.

The defendant requested certain financial disclosures from the plaintiff claiming that the disclosures would persuade the defendant to cease its foreclosure actions provided that money was paid by the plaintiff to the defendant or its privies.

The defendant did not have the typical credit information of the plaintiff, such as a social security number, or date of birth or other banking information that a creditor would normally be expected to have already obtained before a debt obligation was established.

The defendant has used a false or fictitious name in the undertaking of its collection actions.

The defendant has used a name other than the true name of its business, company or organization.

After several written requests, the defendant has refused to identify its owners, principals or interests it claims to have in the plaintiff's property.  Instead of making these disclosures, defendant has falsely represented that it does have certain legal rights under the trust deed and that it has the right to foreclose of the plaintiff fails or refuses to provide more credit, banking, financial, personal and other identifying information along with agreeing to making regular payments of money to the defendant or its privies.

The defendant failed or refused to provide an accounting of its claim showing any unpaid balance and instead simply demanded money in exchange for not foreclosing and has only provided copies of records that anyone could obtain from the county recorders' office.

The defendant has falsely represented the name of the creditor to whom it alleges the debt is owed.

The defendant has threatened to undertake a foreclosure action against the plaintiff when it has no such rights to do so.

The defendant falsely represented that if the plaintiff failed or refused to cooperate by providing financial, banking, credit, personal and other identifying information along with money, that it would sell the plaintiff's property at a public auction.

The defendant delivered to the plaintiff written communications that were made to look like or falsely represent documents authorized, issued, or approved by a court, official, or agency of the United States or the state, by using words that would give a false impression of the document's source, authorization, or approval.

The defendant has falsely represented that the plaintiff's credit accounts were sold to innocent purchases for value.

The Defendant failed to provide the Plaintiff with validation of debt within five business days of being contacted.

The defendant has somehow acquired the personal and banking information of each of the plaintiff and has used that information for their own personal gain and benefit without any permissible purpose.

The defendants have somehow acquired the personal and banking information of each of the plaintiffs and have used that information for their own personal gain and benefit without any permissible purpose.

Based on these allegations, the consumer alleged violations of §§ 1692e(4) and (5), and 1692g(a) and (b) of the FDCPA.

The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

This is an action for damages exceeding $75,000.

Plaintiffs demand a jury trial.

As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs, if any, pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff demands that judgment be entered against each Defendant, jointly and severally, and Plaintiff be awarded damages from each Defendant, as follows:

A.   An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

B.  An award of costs of litigation and reasonable attorney's fees, if any, pursuant to 15 U.S.C. § 1692k(a)(3);

C.  An award of actual damages;

D.  Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury on all issues so triable as a matter of law.

### COMPLAINT FOR IDENTITY THEFT

Come now the plaintiffs Raymond L. and Marjorie A. Hoyt and sue the defendant OCWEN LOAN SERVICING, LLC in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

### JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

### VENUE

The plaintiffs have resided in Contra Costa County at the address known as 162 Oakridge Drive, Danville, California, for all times material to this complaint.

The defendant is a limited liability company doing business in the State of California with its principal place of business at 1661 Worthington Road, Suite 100, West Palm Beach, FL  33409, for all times material to this complaint.

**PLAIN STATEMENT**

This complaint concerns the defendant's actions and conduct whereby it acquired the plaintiff's credit and financial information, at least enough to make it appear as if the defendant was working with the lender in the trust deed.  The defendant then proceeded to send written communications to the plaintiff stating that it now either had rights to foreclose under the trust deed or that it was working with other parties who had rights to foreclose, unless the plaintiff made more financial disclosures and modified payment arrangements to the defendant.

The defendant pretended to help the plaintiff and lead him into making more and more financial disclosures and then either discontinued the communication after it obtained what it wanted, or created a situation to make it appear as if the plaintiff did not qualify, but then never returned or certified the destruction of the records and information obtained about the plaintiff.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on or soon after the date of March 28th 2005, in Contra Costa County, California, in the amount of $700,000.  The deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, A DIVISION OF TREASURY BANK, N.A., the lender stated on the trust deed.   The trustee's name in this instrument is CTC REAL ESTATE

SERVICES.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

## STATEMENTS OF FACT AND DEFINITIONS

The term "identity theft" includes the act of stealing one's mail or looking through one's private home and/or commercial business trash. Sometimes the theft is undertaken by simply communicating with the victim, such as via mail, telephone and sometimes during service calls such as a plumber casing a house and then giving the information he discovers to a third party for money.

Sometimes identity thieves steal your wallet or purse, and sometimes they only take the information in your wallet or purse.  They will also fraudulently pose as potential landlords, tax collector, banking organizations, attorneys, prospective or current employers, or creditors to try to obtain your personal data under false pretenses. The methods of identity theft have become known by the new term "phishing".

The term "phishing" is defined as someone is tricked into giving up personal information, typically by sending out what looks like official communications from banks, credit unions, or credit card companies asking to confirm private information including personal identification numbers and other critical identifiers. Some go so far as to file a "change of address" form to divert your mail to a drop or Post Office Box address.

The most recent example comes from the expanding mortgage foreclosure segment of the fiance market; whereby, individuals gather together public records such as trust deeds and create promissory notes and copy signatures from the trust deeds to the notes and use those copies along with other records created by software, to commission attorneys to begin a foreclosure action.  The attorneys then contact a homeowner and tell him that his mortgage is in default, and usually claim some unknown third party to whom it's in default, and that to avoid foreclosure, he will have to provide financial disclosures for a "loan modification'.  Out of fear, the unsuspecting homeowner provides this information without any conditions, such as never being advised of the perpetrator's document retention policy or what the financial information will be used for.  Many organizations are able to obtain credit information about the homeowner simply by paying a membership fee to Equifax.  This information is then

used to obtain more information.  In probably every case, this financial information is sold or traded to third parties and utilized in making false reports to the IRS, such as on Form 1099.

Identifying information also includes a person's name, telephone number, date of birth, mother's maiden name, driver's license number, state identification number, or any other piece of information that can identify a person.

### COUNT IV – COMPLAINT FOR IDENTITY THEFT

Come now the plaintiffs Raymond L. and Marjorie A. Hoyt and sue the defendant OCWEN LOAN SERVICING, LLC in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

Plaintiff's "private information", as the term is used in this complaint and accepted commonly in our modern community, includes but is not limited to the likeness of the plaintiff, and his personal identifying information, banking, financial and credit information, and any other personal information that is or can be used by the plaintiff for his own personal and professional benefits.

Plaintiff has the right to keep his private information and records from third parties, and has a right to rely upon the third party to only request such information for legitimate and legal purposes.  The plaintiff's private records include the information appearing on his birth certificate, tax records, banking records, financial and other personal information and information that identifies the plaintiff, such as his likeness, photographs, videos, and other records which have not been deliberately published to third parties.

Beginning from around October of 2010 and continuing through the present day, the plaintiff were contacted by the defendant and other organizations affiliated with, and that appeared to be working for the defendant.  Plaintiffs have reason to believe that these organizations where owned and operated by the defendant and being used to

conceal the identities of the defendant.  These organizations threatened the plaintiffs with the taking their home and money unless they provided certain financial, personal, banking and identifying information to the defendant.   Copies of these written communications are attached as Exhibit B.

The defendant also made inquiries of the plaintiff credit report but did not have a permissible purpose.

The defendant obtained records from the public domain that pertain to the plaintiff's property and rights to his property, and then use these records to create additional records and convince the personnel working in the court system to participate in a public auction of the plaintiff's home.

The defendant has deliberately and willfully, falsely presented itself and impersonated itself to the plaintiff as another person to obtain the plaintiff's property for purposes not permitted by law or agreement.

The defendant had an affirmative duty to disclose the purposes for which it coerced plaintiff's banking, personal, financial and identifying information.

The defendant's actions were deliberate and will and negligent and careless. The plaintiff was never provided with a disclosure of the defendant's document retention policy or an explanation of the purposes for which the plaintiff's private information would be used.

The plaintiff requested a copy of the defendant's document retention policy but this request was ignored.

The defendant intentionally and willfully violated the plaintiff's rights to privacy and to keep his private and personal records private.

The defendant engaged in communications with the plaintiff and deceived him into disclosing his private information.  The defendant accomplished this by using the information already available to the defendant in the public domain to make it appear as if the defendant had some legal rights to obtain more of the plaintiff's private information, when the defendant did not have such rights.

After obtaining plaintiff's private information, defendant used this information for its own financial gain and ulterior and undisclosed purposes, and for purposes not

permitted by law or by the plaintiff.  The defendant has or intends to file claims with the Internal Revenue Service, such as Form 1099, using the plaintiff's identifying information.

The defendant has or intends to use the plaintiff's private information to sell or trade with third parties for the mutual benefit of these parties, exclusive of contrary to the interests of the plaintiff.

The defendant used this information to sell the plaintiffs' property at a public auction in order to further give the appearance that it was legal when it was not.

Since the date of October 10th 2010, and to the best of plaintiff's knowledge, the defendant has been in possession of plaintiff's private information, and without the consent of the plaintiff and without legal authority.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act.

The plaintiff has suffered the loss of the actual fair market value of his home because the defendant has been encumbering the plaintiff's property, before, during and following the foreclosure thereof.  The actual damages are: 1.  The fair market value of plaintiff's property in the amount of $1,100,000.  2.  The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $700,000.  3.  Costs and attorney fees associated with defending against the foreclosure process in the amount of $15,000 and 4.  Unauthorized use and retention of plaintiff's personal, banking, financial and identifying information resulting in damages that have not yet fully been able to be calculated by that are estimated to exceed $500,000 as of this date.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $2,315,000, together with other relief this court deems appropriate.

## COMPLAINT FOR IDENTITY THEFT

Come now the plaintiffs Raymond L. and Marjorie A. Hoyt and sue the defendant BANK OF AMERICA, N.A. in the following legal action to protect a private civil right and

to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

## JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

## VENUE

The plaintiffs have resided in Contra Costa County at the address known as 162 Oakridge Drive, Danville, California, for all times material to this complaint.

The defendant is a national association doing business in the State of California with its principal place of business at 100 N. Tryon St Charlotte NC 28255 for all times material to this complaint.

## PLAIN STATEMENT

This complaint concerns the defendant's actions and conduct whereby it acquired the plaintiff's credit and financial information, at least enough to make it appear as if the defendant was working with the lender in the trust deed.  The defendant then proceeded to send written communications to the plaintiff stating that it now either had rights to foreclose under the trust deed or that it was working with other parties who had rights to foreclose, unless the plaintiff made more financial disclosures and modified payment arrangements to the defendant.

The defendant pretended to help the plaintiff and lead him into making more and more financial disclosures and then either discontinued the communication after it obtained what it wanted, or created a situation to make it appear as if the plaintiff did not qualify, but then never returned or certified the destruction of the records and information obtain about the plaintiff.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name

or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on or soon after the date of March 28th 2005, in Contra Costa County, California, in the amount of $700,000.  The deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, A DIVISION OF TREASURY BANK, N.A., the lender stated on the trust deed.  The trustee's name in this instrument is CTC REAL ESTATE SERVICES.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

## STATEMENTS OF FACT AND DEFINITIONS

The term "identity theft" includes the act of stealing one's mail or looking through one's private home and/or commercial business trash. Sometimes the theft is undertaken by simply communicating with the victim, such as via mail, telephone and sometimes during service calls such as a plumber casing a house and then giving the information he discovers to a third party for money.

Sometimes identity thieves steal your wallet or purse, and sometimes they only take the information in your wallet or purse.  They will also fraudulently pose as potential landlords, tax collector, banking organizations, attorneys, prospective or current employers, or creditors to try to obtain your personal data under false pretenses. The methods of identity theft have become known by the new term "phishing".

The term "phishing" is defined as someone is tricked into giving up personal information, typically by sending out what looks like official communications from banks, credit unions, or credit card companies asking to confirm private information including personal identification numbers and other critical identifiers. Some go so far as to file a "change of address" form to divert your mail to a drop or Post Office Box address.

The most recent example comes from the expanding mortgage foreclosure segment of the fiance market; whereby, individuals gather together public records such as trust deeds and create promissory notes and copy signatures from the trust deeds to

the notes and use those copies along with other records created by software, to commission attorneys to begin a foreclosure action.  The attorneys then contact a homeowner and tell him that his mortgage is in default, and usually claim some unknown third party to whom it's in default, and that to avoid foreclosure, he will have to provide financial disclosures for a "loan modification'.  Out of fear, the unsuspecting homeowner provides this information without any conditions, such as never being advised of the perpetrator's document retention policy or what the financial information will be used for.  Many organizations are able to obtain credit information about the homeowner simply by paying a membership fee to Equifax.  This information is then used to obtain more information.  In probably every case, this financial information is sold or traded to third parties and utilized in making false reports to the IRS, such as on Form 1099.

Identifying information also includes a person's name, telephone number, date of birth, mother's maiden name, driver's license number, state identification number, or any other piece of information that can identify a person.

## COUNT V – COMPLAINT FOR IDENTITY THEFT

Come now the plaintiffs Raymond L. and Marjorie A. Hoyt and sue the defendant BANK OF AMERICA, N,A. in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

Plaintiff's "private information", as the term is used in this complaint and accepted commonly in our modern community, includes but is not limited to the likeness of the plaintiff, and his personal identifying information, banking, financial and credit information, and any other personal information that is or can be used by the plaintiff for his own personal and professional benefits.

Plaintiff has the right to keep his private information and records from third parties, and has a right to rely upon the third party to only request such information for

legitimate and legal purposes.  The plaintiff's private records include the information appearing on his birth certificate, tax records, banking records, financial and other personal information and information that identifies the plaintiff, such as his likeness, photographs, videos, and other records which have not been deliberately published to third parties.

Beginning from around October 10th 2010 and continuing through the present day, the plaintiff were contacted by the defendant and other organizations affiliated with, and that appeared to be working for the defendant.  Plaintiffs have reason to believe that these organizations where owned and operated by the defendant and being used to conceal the identities of the defendant.  These organizations threatened the plaintiffs with the taking their home and money unless they provided certain financial, personal, banking and identifying information to the defendant.   Copies of these written communications are attached as Exhibit B.

The defendant also made inquiries of the plaintiff credit report but did not have a permissible purpose.

The defendant obtained records from the public domain that pertain to the plaintiff's property and rights to his property, and then use these records to create additional records and convince the personnel working in the court system to participate in a public auction of the plaintiff's home.

The defendant has deliberately and willfully, falsely presented itself and impersonated itself to the plaintiff as another person to obtain the plaintiff's property for purposes not permitted by law or agreement.

The defendant had an affirmative duty to disclose the purposes for which it coerced plaintiff's banking, personal, financial and identifying information.

The defendant's actions were deliberate, willful ,negligent and careless.  The plaintiff was never provided with a disclosure of the defendant's document retention policy or an explanation of the purposes for which the plaintiff's private information would be used.

The plaintiff requested a copy of the defendant's document retention policy but this request was ignored.

The defendant intentionally and willfully violated the plaintiff's rights to privacy and to keep his private and personal records private.

The defendant engaged in communications with the plaintiff and deceived him into disclosing his private information.  The defendant accomplished this by using the information already available to the defendant in the public domain to make it appear as if the defendant had some legal rights to obtain more of the plaintiff's private information, when the defendant did not have such rights.

After obtaining plaintiff's private information, defendant used this information for its own financial gain and ulterior and undisclosed purposes, and for purposes not permitted by law or by the plaintiff.  The defendant has or intends to file claims with the Internal Revenue Service, such as Form 1099, using the plaintiff's identifying information.

The defendant has or intends to use the plaintiff's private information to sell or trade with third parties for the mutual benefit of these parties, exclusive of contrary to the interests of the plaintiff.

The defendant used this information to sell the plaintiffs' property at a public auction in order to further give the appearance that it was legal when it was not.

Since the date of October 10th 2010, and to the best of plaintiff's knowledge, the defendant has been in possession of plaintiff's private information, and without the consent of the plaintiff and without legal authority.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act.

The plaintiff has suffered the loss of the actual fair market value of his home because the defendant has been encumbering the plaintiff's property, before, during and following the foreclosure thereof.  The actual damages are: 1.  The fair market value of plaintiff's property in the amount of $1,100,000.  2.  The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $700,000.    3.    Costs and attorney fees associated with defending against the foreclosure process in the amount of $15,000 and 4.  Unauthorized use and retention of

plaintiff's personal, banking, financial and identifying information resulting in damages that have not yet fully been able to be calculated by that are estimated to exceed $500,000 as of this date.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $2,315,000, together with other relief this court deems appropriate.

## COMPLAINT FOR IDENTITY THEFT

Come now the plaintiffs Raymond L. and Marjorie A. Hoyt and sue the defendant WESTERN PROGRESSIVE, LLC in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

## JURISDICTION

This is an action at law and this court has original jurisdiction pursuant to Article III, Section 2 of the United States Constitution and Title 28 U.S.C. §1331.

This is a complaint for damages that exceeds $75,000.

There is a diversity of citizenship between the plaintiff and defendant.

## VENUE

The plaintiffs have resided in Contra Costa County at the address known as 162 Oakridge Drive, Danville, California, for all times material to this complaint.

The defendant is a limited liability company doing business in the State of California with its principal place of business at Northpark Town Center, 1000 Abernathy Road, NE BLDG 400, Suite 200, Atlanta, GA  30328, for all times material to this complaint.

**PLAIN STATEMENT**

This complaint concerns the defendant's actions and conduct whereby it acquired the plaintiff's credit and financial information, at least enough to make it appear as if the defendant was working with the lender in the trust deed.  The defendant then proceeded to send written communications to the plaintiff stating that it now either had

rights to foreclose under the trust deed or that it was working with other parties who had rights to foreclose, unless the plaintiff made more financial disclosures and modified payment arrangements to the defendant.

The defendant pretended to help the plaintiff and lead him into making more and more financial disclosures and then either discontinued the communication after it obtained what it wanted, or created a situation to make it appear as if the plaintiff did not qualify, but then never returned or certified the destruction of the records and information obtain about the plaintiff.

Plaintiff entered into a collateral agreement known as a mortgage involving his property as described herein. This obligation was incurred as a financial obligation that was primarily for family, personal or household purposes. This mortgage did not name or confer any power upon the defendants

At some time after this mortgage was recorded, the defendant began attempting to foreclose under the terms of the mortgage, as if it were the holder or in control of the note and mortgage.

The plaintiff is the mortgagor in a trust deed that was recorded on or soon after the date of March 28th 2005, in Contra Costa County, California, in the amount of $700,000.  The deed secured the payment of a promissory note made payable to COUNTRYWIDE BANK, A DIVISION OF TREASURY BANK, N.A., the lender stated on the trust deed.  The trustee's name in this instrument is CTC REAL ESTATE SERVICES.

There were  no other parties identified as having an interest in this trust deed or having any rights thereunder, within the instruments, (note and trust deed).

## STATEMENTS OF FACT AND DEFINITIONS

The term "identity theft" includes the act of stealing one's mail or looking through one's private home and/or commercial business trash. Sometimes the theft is undertaken by simply communicating with the victim, such as via mail, telephone and sometimes during service calls such as a plumber casing a house and then giving the information he discovers to a third party for money.

Sometimes identity thieves steal your wallet or purse, and sometimes they only take the information in your wallet or purse.  They will also fraudulently pose as

potential landlords, tax collector, banking organizations, attorneys, prospective or current employers, or creditors to try to obtain your personal data under false pretenses. The methods of identity theft have become known by the new term "phishing".

The term "phishing" is defined as someone is tricked into giving up personal information, typically by sending out what looks like official communications from banks, credit unions, or credit card companies asking to confirm private information including personal identification numbers and other critical identifiers. Some go so far as to file a "change of address" form to divert your mail to a drop or Post Office Box address.

The most recent example comes from the expanding mortgage foreclosure segment of the fiance market; whereby, individuals gather together public records such as trust deeds and create promissory notes and copy signatures from the trust deeds to the notes and use those copies along with other records created by software, to commission attorneys to begin a foreclosure action.  The attorneys then contact a homeowner and tell him that his mortgage is in default, and usually claim some unknown third party to whom it's in default, and that to avoid foreclosure, he will have to provide financial disclosures for a "loan modification'.  Out of fear, the unsuspecting homeowner provides this information without any conditions, such as never being advised of the perpetrator's document retention policy or what the financial information will be used for.  Many organizations are able to obtain credit information about the homeowner simply by paying a membership fee to Equifax.  This information is then used to obtain more information.  In probably every case, this financial information is sold or traded to third parties and utilized in making false reports to the IRS, such as on Form 1099.

Identifying information also includes a person's name, telephone number, date of birth, mother's maiden name, driver's license number, state identification number, or any other piece of information that can identify a person.

## COUNT VI – COMPLAINT FOR IDENTITY THEFT

Come now the plaintiffs Raymond L. and Marjorie A. Hoyt and sue the defendant WESTERN PROGRESSIVE, LLC in the following legal action to protect a private civil right and to compel a civil remedy for damages resulting from the theft of the plaintiff's personal, financial, banking and identifying information, and alleges the following:

The plaintiffs re-allege the foregoing and incorporate each statement herein.

Jurisdiction and venue are proper and this complaint is an action at law and is properly before this court.

Plaintiff's "private information", as the term is used in this complaint and accepted commonly in our modern community, includes but is not limited to the likeness of the plaintiff, and his personal identifying information, banking, financial and credit information, and any other personal information that is or can be used by the plaintiff for his own personal and professional benefits.

Plaintiff has the right to keep his private information and records from third parties, and has a right to rely upon the third party to only request such information for legitimate and legal purposes.  The plaintiff's private records include the information appearing on his birth certificate, tax records, banking records, financial and other personal information and information that identifies the plaintiff, such as his likeness, photographs, videos, and other records which have not been deliberately published to third parties.

Beginning from around October 10th 2010 and continuing through the present day, the plaintiff were contacted by the defendant and other organizations affiliated with, and that appeared to be working for the defendant.  Plaintiffs have reason to believe that these organizations where owned and operated by the defendant and being used to conceal the identities of the defendant.  These organizations threatened the plaintiffs with the taking their home and money unless they provided certain financial, personal, banking and identifying information to the defendant.   Copies of these written communications are attached as Exhibit B.

The defendant also made inquiries of the plaintiff credit report but did not have a permissible purpose.

The defendant obtained records from the public domain that pertain to the plaintiff's property and rights to his property, and then use these records to create additional records and convince the personnel working in the court system to participate in a public auction of the plaintiff's home.

The defendant has deliberately and willfully, falsely presented itself and

impersonated itself to the plaintiff as another person to obtain the plaintiff's property for purposes not permitted by law or agreement.

The defendant had an affirmative duty to disclose the purposes for which it coerced plaintiff's banking, personal, financial and identifying information.

The defendant's actions were deliberate, willful, negligent and careless.  The plaintiff was never provided with a disclosure of the defendant's document retention policy or an explanation of the purposes for which the plaintiff's private information would be used.

The plaintiff requested a copy of the defendant's document retention policy but this request was ignored.

The defendant intentionally and willfully violated the plaintiff's rights to privacy and to keep his private and personal records private.

The defendant engaged in communications with the plaintiff and deceived him into disclosing his private information.  The defendant accomplished this by using the information already available to the defendant in the public domain to make it appear as if the defendant had some legal rights to obtain more of the plaintiff's private information, when the defendant did not have such rights.

After obtaining plaintiff's private information, defendant used this information for its own financial gain and ulterior and undisclosed purposes, and for purposes not permitted by law or by the plaintiff.  The defendant has or intends to file claims with the Internal Revenue Service, such as Form 1099, using the plaintiff's identifying information.

The defendant has or intends to use the plaintiff's private information to sell or trade with third parties for the mutual benefit of these parties, exclusive of contrary to the interests of the plaintiff.

The defendant used this information to sell the plaintiffs' property at a public auction in order to further give the appearance that it was legal when it was not.

Since the date of October 10th 2010, and to the best of plaintiff's knowledge, the defendant has been in possession of plaintiff's private information, and without the consent of the plaintiff and without legal authority.

## DAMAGES

The plaintiff has suffered damages as a direct and proximate result of the defendant's actions and failures to act.

The plaintiff has suffered the loss of the actual fair market value of his home because the defendant has been encumbering the plaintiff's property, before, during and following the foreclosure thereof.  The actual damages are: 1.  The fair market value of plaintiff's property in the amount of $1,100,000.  2.  The loss of the money deposited with the lender identified on the mortgage or trust deed lien in the amount of $700,000.  3.  Costs and attorney fees associated with defending against the foreclosure process in the amount of $15,000 and 4.  Unauthorized use and retention of plaintiff's personal, banking, financial and identifying information resulting in damages that have not yet fully been able to be calculated by that are estimated to exceed $500,000 as of this date.

WHEREFORE plaintiff demands judgment against the defendant in the aggregate amount of damages alleged in the complaint of $2,315,000, together with other relief this court deems appropriate.

DATED this ___ day of November, 2015.

Raymond L. Hoyt, Plaintiff

Marjorie A. Hoyt, Plaintiff

**EXHIBIT A**

TS No.: 2014-01936-CA

**2015P022835700003**
**CONTRA COSTA Co Recorder Office**
**JOSEPH CANCIAMILLA, Clerk-Recorder**
**DOC-2015-0228357-00**
**Acct 1149-Premium Title CA**
**Friday, OCT 30, 2015 10:00:28**
**MOD   $3.00|REC   $13.00|FTC   $2.00**
**DAF   $2.70|REF   $0.30|RED   $1.00**
**ERD   $1.00|         |**
**Ttl Pd   $23.00         Nbr-0002430670**
**MSN/RC/1-3**

RECORDING REQUESTED BY
**Western Progressive, LLC**

AND WHEN RECORDED MAIL TO:
**Western Progressive, LLC**
**Northpark Town Center**
**1000 Abernathy Rd NE; Bldg 400, Suite 200**
**Atlanta, GA 30328**

---

SPACE ABOVE THIS LINE FOR RECORDER'S USE

T.S. No.: **2014-01936-CA**          A.P.N.:**215-200-048**
Property Address: **162 OAKRIDGE DRIVE, DANVILLE (AREA), CA 94506**

## NOTICE OF TRUSTEE'S SALE

**PURSUANT TO CIVIL CODE § 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÍNH BẢY TOM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE TO PROPERTY OWNER:

YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 03/28/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

Trustor: **Raymond L. Hoyt, and Marjorie A. Hoyt, Husband and Wife as Community Property**
Duly Appointed Trustee: **Western Progressive, LLC**
Recorded 04/06/2005 as Instrument No. **2005-0119913-00** in book ---, page--- **and** of Official Records in the office of the Recorder of **Contra Costa** County, California,
Date of Sale: **12/07/2015** at **01:30 PM**
Place of Sale:          **AT THE NORTH SIDE OF THE PITTSBURG CIVIC CENTER NEAR THE GRASS LOCATED AT 65 CIVIC AVENUE, PITTSBURG, CA**
Estimated amount of unpaid balance and other charges: **$ 953,297.19**



TS No.: 2014-01936-CA

# NOTICE OF TRUSTEE'S SALE

WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK DRAWN ON A STATE OR NATIONAL BANK, A CHECK DRAWN BY A STATE OR FEDERAL CREDIT UNION, OR A CHECK DRAWN BY A STATE OR FEDERAL SAVINGS AND LOAN ASSOCIATION, A SAVINGS ASSOCIATION OR SAVINGS BANK SPECIFIED IN SECTION 5102 OF THE FINANCIAL CODE AND AUTHORIZED TO DO BUSINESS IN THIS STATE:

All right, title, and interest conveyed to and now held by the trustee in the hereinafter described property under and pursuant to a Deed of Trust described as:

More fully described in said Deed of Trust.

Street Address or other common designation of real property: **162 OAKRIDGE DRIVE, DANVILLE (AREA), CA 94506**
A.P.N.: **215-200-048**

The undersigned Trustee disclaims any liability for any incorrectness of the street address or other common designation, if any, shown above.

The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is: **$ 953,297.19**.

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

The beneficiary of the Deed of Trust has executed and delivered to the undersigned a written request to commence foreclosure, and the undersigned caused a Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on this property.

TS No.: 2014-01936-CA

## NOTICE OF TRUSTEE'S SALE

**Note:** Because the Beneficiary reserves the right to bid less than the total debt owed, it is possible that at the time of the sale the opening bid may be less than the total debt

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call **(866)-960-8299** or visit this Internet Web site http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx using the file number assigned to this case **2014-01936-CA**. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

**Western Progressive, LLC, as Trustee for beneficiary**
**C/o 30 Corporate Park, Suite 450**
**Irvine, CA 92606**
**Automated Sale Information Line:  (866) 960-8299**
http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx

**For Non-Automated Sale Information, call: (866) 240-3530**

Date: October 28, 2015

Keisha Lyons, Trustee Sale Assistant

**WESTERN PROGRESSIVE, LLC MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED MAY BE USED FOR THAT PURPOSE.**



TS No.: 2014-01936-CA

## Summary of Notice of Sale

## NOTICE OF SALE SUMMARY OF KEY INFORMATION

The attached notice of sale was sent to Raymond L. Hoyt, and Marjorie A. Hoyt, Husband and Wife as Community Property, in relation to 162 OAKRIDGE DRIVE, DANVILLE (AREA), CA 94506

YOU ARE IN DEFAULT UNDER A DEED OF TRUST OR MORTGAGE DATED 03/28/2005. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE.

IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

The total amount due in the notice of sale is **$ 953,297.19**

Your property is scheduled to be sold on 12/07/2015 at 01:30 PM at AT THE NORTH SIDE OF THE PITTSBURG CIVIC CENTER NEAR THE GRASS LOCATED AT 65 CIVIC AVENUE, PITTSBURG, CA

However, the sale date shown on the attached notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call (866) 960-8299 or visit this Internet Web site address http://www.altisource.com/MortgageServices/DefaultManagement/TrusteeServices.aspx , using the file number assigned to this case 2014-01936-CA. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

If you would like additional copies of this summary, you may obtain them by calling (866) 960-8299.



TS No.: 2014-01936-CA

出售通知
關鍵信息摘要

本文中包含的有關 162 OAKRIDGE DRIVE, DANVILLE (AREA), CA 94506 的出售通知發送給 Raymond L. Hoyt, and Marjorie A. Hoyt, Husband and Wife as Community Property。
你的 DEED OF TRUST OR MORTGAGE 於 03/28/2005 已經逾期違約。

除非你採取行動保護你的房產，否則該房產將被公開出售。

如果你需要了解對你的訴訟程序的性質，應該聯系一名律師。

法拍書面通知的總金額是 $ 953,297.19。

你的房產預計出售的時間 12/07/2015。 你的房產預計出售的時間 01:30 PM

出售地點 AT THE NORTH SIDE OF THE PITTSBURG CIVIC CENTER NEAR THE GRASS LOCATED AT 65 CIVIC AVENUE, PITTSBURG, CA。

然而，根據加州民法第2924g，本文中包含的法拍書面通知上顯示的出售日期可能會被抵押權人，受益人，受托人，或法院一次或多次推遲。該法規定，作為對不在法拍現場人士的一種寬限。有關受托人推遲出售的信息要提供給你和公眾。如果你想了解你的房產出售日期是否已被推遲，以及（如適用）重新安排的法拍時間和日期，可致電(866) 960-8299

關於推遲法拍的信息，持續時間會很短，或僅在預定法拍時間前不久發布，可能不會立即反映在電話信息或互聯網的網址上。最好驗證推遲信息的方法是，出席預定的拍賣。

如果你想獲得更多的本摘要副本，請撥打下列電話(866) 960-8299。


O C W E N

Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!*™

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

02/26/2015

Loan Number: 7130788560

Raymond L Hoyt
162 Oakridge Dr
Danville, CA 94506

Property Address: 162 Oakridge Dr
Danville (Area), CA 94506

## Re:  Delinquency Information

Dear Raymond L Hoyt

We are providing the information in this notice because, as of the date of this letter, the above account is delinquent.

| **DELINQUENCY NOTICE** |
|---|

**You are late on your mortgage payments.** As of 02/25/15, you are 1700 days delinquent on your mortgage loan. Your account first became delinquent on 07/02/10. Failure to bring your loan current may result in fees and foreclosure – the loss of your home.

Recent Account History
- Payment due 02/01/15: UNPAID AMOUNT OF $5078.18
- Payment due 01/01/15: UNPAID AMOUNT OF $5078.18
- Payment due 12/01/14: UNPAID AMOUNT OF $5078.18
- Payment due 11/01/14: UNPAID AMOUNT OF $5078.18
- Payment due 10/01/14: UNPAID AMOUNT OF $5078.18
- Payment due 09/01/14: UNPAID AMOUNT OF $5078.18

- **Total: $261645.57. You must pay this amount to bring your loan current. <u>Please note that the Total Amount Due includes your next regular monthly payment.</u>**
  This amount may not include all fees and charges, as all fees and charges may not have been billed or posted to your account as of the letter date. Please contact us for your current reinstatement amount or payoff amount.

Your account has been referred to an attorney to foreclosure. The first step in this process, the first legal filing, has not yet been completed.

**If You Are Experiencing Financial Difficulty:**  If you are experiencing financial difficulties and would like counseling or assistance, you can contact the U.S. Department of Housing and Urban Development (HUD). For a list of homeownership counselors or counseling organizations in your area, go to www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm or call 800-569-4287.

NMLS # 1852                                                                                                          MADNRM
*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*



### Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

Should you have any questions or concerns, or believe an error has occurred, please contact us immediately 800-746-2936. We are available to assist you Monday through Friday 8:00 am to 9:00 pm ET, Saturday 8:00 am to 5:00 pm ET, and Sunday 9:00 am to 9:00 pm ET.

If you would like to submit a qualified written request, a notice of error, or a request for information, you must use the following address:

**Research Department,** P.O. Box 24736, West Palm Beach, Florida 33416-4736.

If you have any further questions regarding this letter, your account or options that we may have available, you may schedule an appointment with your Home Retention Specialist, , by contacting us at (800) 746-2936, is your designated contact for inquiries and the submission of documents as needed.

Sincerely,
Ocwen Loan Servicing, LLC

**Please Note:** This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have an active bankruptcy case or have received an Order of Discharge from a Bankruptcy Court, the following Notice Regarding Bankruptcy applies.

**Notice Regarding Bankruptcy:** Please be advised that if you are part of an active Bankruptcy case or if you have received an Order of Discharge from a Bankruptcy Court, this letter is in no way an attempt to collect either a pre-petition, post petition or discharged debt. If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a Chapter 7 case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan.

NMLS # 1852                                                                                    MADNRM
*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

May 22, 2015

**Property Address:**

162 OAKRIDGE DRIVE
DANVILLE (AREA), CA 94506

**RAYMOND L. HOYT AND MARJORIE A. HOYT**

162 OAKRIDGE DRIVE
DANVILLE (AREA), CA 94506

Loan Number: 7130788560

ACT NOW TO AVOID FORECLOSURE!

Dear Customer,

Foreclosure activity has been initiated on your property. However, there is still time to stop foreclosure, but you must act quickly! The first step in foreclosure, the notice of default, has been recorded on your property.

## Apply for Assistance or Contact Ocwen Right Away! 1-800-746-2936

No matter what your situation, Ocwen is committed to working with you, but you must APPLY for assistance. Upon receipt of your complete application, Ocwen will place your foreclosure on hold until your application is reviewed.

Even if you prefer to leave the home, you do not have to go through the stress of foreclosure. Ocwen offers better options.

**How to Apply for Assistance:**

Download an assistance application at www.ocwencustomers.com by logging into your account.

Call Ocwen to request an application - call toll-free at **1-800-746-2936**.

If you already have an application, be sure to fill it out completely, attach copies of all required documents, and send it back to Ocwen as soon as possible.

**Send Ocwen a Complete Application:  Fax 1-407-737-6174 - or - Email mod@ocwen.com**

☐  Fill in all pages of the application completely

☐  If a signature or initial is required, make sure you provide signatures and initials for all required parties.

☐  Include copies of ALL required documents - the application provides a detailed list of required documents.

**Application reviews will take 30 days to complete.** Following a thorough review of your situation, Ocwen will inform you of the options available to you.

If you have any questions about foreclosure or applying for assistance, call Ocwen toll-free at 1-800-746-2936. Ocwen agents are available Monday through Friday, 8:00 am to 9:00 pm ET, Saturday 8:00 am to 5:00 pm ET and Sunday 9:00 am to 9:00pm ET.



2297605929

RECORDING REQUESTED BY:
Premium Title of California

2015P010086100004
**CONTRA COSTA Co Recorder Office**
**JOSEPH CANCIAMILLA, Clerk-Recorder**
**DOC-2015-0100861-00**
**Acct 1149-Premium Title CA**
**Wednesday, MAY 20, 2015 10:08:51**
**MOD   $4.00|REC   $14.00|FTC   $3.00**
**DAF   $2.70|REF   $0.30|RED   $1.00**
**ERD   $1.00|              |**
**Ttl Pd   $26.00      Nbr-0002278756**
**MNH/RC/1-4**

WHEN RECORDED MAIL TO:

Western Progressive, LLC
Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328

Loan No.: 7130788560

TS No. 2014-01936-CA

APN No.:215-200-048

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

**PURSUANT TO CIVIL CODE 2923.3(a), THE SUMMARY OF INFORMATION REFERRED TO BELOW IS NOT ATTACHED TO THE RECORDED COPY OF THIS DOCUMENT BUT ONLY TO THE COPIES PROVIDED TO THE TRUSTOR.**

NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACION DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI LIỆU NÀY

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is **300,769.81** as of 05/12/2015 ,and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time


'14-01936-CA

Page 1

The subject obligation includes **ONE NOTE(S) FOR THE ORIGINAL** sum of 700,000.00. A breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of the following:

Installment of Principal and Interest plus impounds and/or advances which became due on 07/01/2010 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.

You are responsible to pay all payments and charges due under the terms and conditions of the loan documents which come due subsequent to the date of this notice, including, but not limited to, foreclosure trustee fees and costs, advances and late charges.

Furthermore, as a condition to bring your account in good standing, you must provide the undersigned with written proof that you are not in default on any senior encumbrance and provide proof of insurance.

Nothing in this notice of default should be construed as a waiver of any fees owing to the beneficiary under the deed of trust, pursuant to the terms and provisions of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has delivered to said duly appointed Trustee, a written request to commence foreclosure, and has deposited with said duly appointed Trustee, a copy of the deed of trust and other documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

"See Attached Declaration"

WE ARE ASSISTING THE BENEFICIARY TO COLLECT A DEBT AND ANY INFORMATION WE OBTAIN WILL BE USED FOR THE PURPOSE BY EITHER OURSELVES OR THE BENEFICIARY, WHETHER RECEIVED ORALLY OR IN WRITING. YOU MAY DISPUTE THE DEBT OR A PORTION THEREOF WITHIN THIRTY (30) DAYS. THEREAFTER WE WILL OBTAIN AND FORWARD TO YOU WRITTEN VERIFICATION THEREOF. SHOULD YOU NOT DO SO, THE DEBT WILL BE CONSIDERED VALID. IN ADDITION, YOU MAY REQUEST THE NAME AND ADDRESS OF THE ORIGINAL CREDITOR IF DIFFERENT FROM THE CURRENT ONE.

2. The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code 2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Thirty (30) days, or more, have passed since these due diligence requirements were satisfied.

Dated: May 16, 2015

Western Progressive, LLC, as Trustee for beneficiary

Northpark Town Center
1000 Abernathy Rd NE; Bldg 400, Suite 200
Atlanta, GA 30328
Beneficiary Phone: 877-696-8580

Camisha Scott, Trustee Sales Assistant



14-01936-CA