UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAYMOND L. HOYT, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>OCWEN LOAN SERVICING, LLC, et al.,<br><br>       Defendants. | Case No. 15-cv-05422-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

      Defendants Ocwen Loan Servicing, LLC and Bank of America, N.A. filed a motion to dismiss for failure to state a claim on March 14, 2016. The Hoyts' response to the motion was due on March 28, 2016, but they did not file a timely response (or even a request for additional time to respond). Nor did the Hoyts file a timely response after the Court ordered them to do so by April 25, 2016. In fact, the plaintiffs' response was not entered on the docket until May 4, 2016, the day before the hearing on the motion to dismiss. To make matters worse, the Hoyts did not attend the hearing. In light of the Court's inclination to give pro se litigants the benefit of the doubt, the Court has considered the plaintiffs' opposition brief this time. But the Hoyts are now on notice that the Court will no longer consider submissions that are untimely or otherwise improperly filed.

      The complaint first alleges that the defendants have violated various provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Conduct contemplated by California's statutory nonjudicial foreclosure scheme is not actionable "debt collection" within the meaning of the FDCPA. But that doesn't mean any and all activity somehow related to a foreclosure is exempt from the FDCPA. *Natividad v. Wells Fargo Bank, N.A.*, No. 3:12-CV-03646 JSC, 2013 WL 2299601, at *8 (N.D. Cal. May 24, 2013) ("[W]hile the Court rejects Plaintiffs' argument to

the extent they assert that *all* actions related to nonjudicial foreclosure are considered debt collection, the Court also rejects Defendants' argument to the extent they contend that *any* action related to a nonjudicial foreclosure cannot be considered debt collection.").  Even in the context of a foreclosure, allegations of conduct beyond what is contemplated by the statutory foreclosure scheme could potentially state a claim under the FDCPA.  *Id.* at *9; *see also Castellanos v. Countrywide Bank NA*, No. 15-CV-00896-BLF, 2015 WL 3988862, at *3 (N.D. Cal. June 30, 2015) ("Defendants argue, however, that all of Plaintiff's FDCPA . . . claims are barred because they arise from 'foreclosure activities.'  This is not so — Plaintiff alleges violations of the FDCPA . . . beyond foreclosure activities, including harassing conduct in an attempt to collect on a debt and furnishing deceptive documentation in an attempt to collect on a debt." (citations omitted)).

      The factual allegations of the Hoyts' complaint are sparse, but the main theme is that the defendants attempted to foreclose on the plaintiffs' mortgage without having a right to do so.  In light of the judicially noticeable materials attached the defendants' motion, which establish a chain of title for the Hoyts' deed of trust from their lender to the defendants, it appears the defendants were entitled to foreclose on the plaintiffs' mortgage.  *E.g.*, Defs.' RJN, Ex. C (assignment of plaintiff's deed of trust by Bank of America, N.A., as successor by merger of previous assignee); *id.*, Ex. E (assignment of plaintiffs' deed of trust prepared by Ocwen Loan Servicing); *see* Cal. Civ. Code § 2924(a)(1); *Lane v. Vitek Real Estate Indus. Grp.*, 713 F. Supp. 2d 1092, 1099 (E.D. Cal. 2010) (observing, in the course of dismissing a wrongful foreclosure claim, that "[t]here is no stated requirement in California's non-judicial foreclosure scheme that requires a beneficial interest in the Note to foreclose . . . the statute broadly allows a trustee, mortgagee, beneficiary, or any of their agents to initiate non-judicial foreclosure").  In their opposition to the motion to dismiss, the Hoyts suggest the defendants engaged in activity (beyond statutorily contemplated foreclosure) that is potentially prohibited by the FDCPA.  But the allegations in the complaint are too vague and conclusory to support a plausible inference that the defendants violated the FDCPA.  *See Castellanos*, 2015 WL 3988862, at *3; *Natividad*,

2013 WL 2299601, at *9.  Because, in its current form, the complaint doesn't adequately allege anything more than the conduct contemplated by California's statutory foreclosure scheme, the plaintiffs haven't stated an FDCPA claim.[1]

The complaint also alleges that the defendants committed "identity theft."  The plaintiffs' opposition doesn't address the moving defendants' arguments for dismissing these claims. Moreover, on its face, the complaint does not appear to state a claim for identity theft.  The complaint recites boilerplate descriptions of various identity theft schemes, but it does not include any facts that support a plausible inference that the defendants engaged in any wrongful conduct — particularly since, to the extent it sounds in fraud, an "identity theft" claim is likely subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b).

The plaintiffs' claims against the moving defendants are dismissed.  Any amended complaint must be filed within 21 days of this order.

**IT IS SO ORDERED.**

Dated: May 17, 2016

VINCE CHHABRIA
United States District Judge

---

[1] In light of the conclusion that the complaint fails to state an FDCPA claim against either moving defendant, the Court need not reach Bank of America's argument that the FDCPA claim against it is time-barred.